CITY OF DAYTON *v.* PATTON.

(No. 331389—Decided May 20, 1970.)

Municipal Court of Dayton.

*Mr. Henry Phillips,* city prosecutor, for plaintiff.
*Mr. Ted W. Rice,* for defendant.

RICE, J. The defendant is charged with petit larceny and the facts are undisputed. On September 5, 1969, the defendant was visiting at the home of one Betty Reid now (having married the defendant some two months after the operative facts in the case at bar) the lawful spouse of the defendant. The defendant removed $20 from an envelope in Miss Reid's bedroom. He later admitted the theft to Miss Reid, promised to pay the money back to her, and, in fact, did make such payment.

The question is whether Betty Reid, by virtue of having become the lawful wife of the defendant since the date of the alleged larceny, is competent to testify as a witness against her husband in the trial for petit larceny.

Such an issue brings into effect or makes necessary an interpretation of R. C. 2945.42 dealing with the competency of witnesses. That section, insofar as it relates to a husband and wife being or not being competent to tes-

tify against one another, appears to be divided into two distinct parts:

1. A husband and wife can testify against each other "in all actions, prosecutions, and proceedings for personal injury of *either by the other,* bigamy, or failure to provide for, neglect of, or cruelty to their children under sixteen years of age." (Emphasis added.) In this first grouping there is no requirement that the acts complained of and to be testified to must have occurred during coverture.

2. A husband or wife shall not testify "concerning a communication made by one to the other, or act done by either in the presence of the other, *during coverture * * *."* (Emphasis added.)

It will be noted that the first group consists of acts dealing with acts of personal injury and the like *done by one spouse to the other spouse.* The second group deals with communications between the spouses or acts done, *not necessarily to each other,* but in each other's presence.

The court holds that the crime of petit larceny fits the category of a crime done by one spouse to the other and therefore would come within group number one. Since the crime of petit larceny is not such a crime of "personal injury, bigamy" and the like, it is clear that one spouse cannot testify against the other for the crime of petit larceny, regardless of whether the operative facts occurred before or during coverture.

Therefore, the court having taken the matter of the competency of Betty J. Reid under advisement, holds that her testimony is incompetent and does hereby dismiss the affidavit against the defendant.

*Affidavit dismissed.*